IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                              ORDER

          Plaintiff,

                            08-cr-150-bbc

     v.

MARTIN L. RICHARDSON,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      After a bench trial in this case, I found defendant Martin L. Richardson guilty of knowingly and intentionally distributing a mixture or substance containing cocaine base (crack cocaine) on June 6, 2008. Defendant has moved for a new trial, contending that the court erred in finding that he was in Madison on June 6, between 12:30 and 1:30 pm, when the crack cocaine sale took place. Defendant does not deny that the sale took place; his only contention is that he was not involved in it.

      In support of his motion, defendant has submitted copies of telephone records obtained by subpoena from Sprint. He argues that these records are evidence that on June 6, he was traveling to his home in Illinois at 9:57 am and was at his home by 11:06 am, well before the drug sale took place in Madison.

1

The government argues that the evidence is not newly discovered, that it is immaterial and that it would not have changed the outcome of the trial.  I agree.

Defendant's counsel says he subpoenaed the records from Sprint before the trial, but was unable to obtain them in time to use them at trial.  He does not say that he sought the records enough in advance of trial to give Sprint a chance to produce them for trial or that when he realized the records could not be produced before the trial, he asked for a continuance.  He says merely that he did not have them before trial.  Since it is obvious that the records were in existence long before the trial and could have been retrieved for use at trial, the records cannot be characterized as newly discovered.

It is not so clear that they are immaterial.  What is clear is that by themselves, they are insufficient to show what defendant wants them to show, which is that he was using a telephone that was transmitting from locations between Madison and Chicago on June 6, 2008, proving that he was not in Madison between 12:30 and 1:30 pm.  The records may show that a telephone with the number 773-512-3655 was being used at various places between Madison and Chicago during the morning of June 6, but they do not show that defendant was the person using the phone. (I  say "may show" because the records are not self-explanatory.  I cannot tell from reading them what they show about the origins of any call.)  At trial, defendant produced evidence in an attempt to show that he made telephone calls outside Madison but I did not find it credible.  The telephone records would not have

2

tipped the balance because they do supply the missing proof that defendant was the person using the telephone.

It follows that the new evidence would not have changed the outcome of the trial. Accordingly, I conclude that defendant's motion for new trial falls short of meeting the standard required for the granting of such a motion.

ORDER

IT IS ORDERED that defendant Martin L. Richardson's motion for new trial is DENIED.

Entered this 14th day of May, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge